NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM ADRIAN VAN LEEUWEN, JR., *Petitioner*.

No. 1 CA-CR 13-0251 PRPC
FILED 09-30-2014

Petition for Review from the Superior Court in Maricopa County
No. CR1999-015758
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

William Van Leeuwen, Jr., San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

¶1        Petitioner William Adrian Van Leeuwen, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury found Van Leeuwen guilty of disorderly conduct and two counts of threatening or intimidating in June 2000. The trial court sentenced him in November 2010 to 3.25 years' imprisonment for disorderly conduct and placed him on concurrent terms of two years' probation for the counts of threatening or intimidating. We affirmed Van Leeuwen's convictions and sentences as modified on direct appeal. *State v. Van Leeuwen*, 1 CA-CR 10-1001, 2011 WL 5590930, at *1 (Ariz. App. Nov. 17, 2011) (mem. decision). Van Leeuwen filed a pro per petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Van Leeuwen now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Van Leeuwen argues the jury instructions regarding disorderly conduct were deficient. We deny relief for two reasons. First, he did not raise the issue on direct appeal and had the opportunity to do so. Second, our review of the record reveals no deficiencies of any sort in the instructions on disorderly conduct. The instructions correctly identified all of the elements of the offense as charged. *See* Ariz. Rev. Stat. § 13-2904(A)(6) (1999) (disorderly conduct based on the reckless handling, display or discharge of a deadly weapon). The instructions also included any necessary definitions. Nothing more was required. As a result, we also deny relief on Van Leeuwen's claims that his trial counsel was ineffective because his lawyer failed to challenge the instructions regarding disorderly conduct.

¶4        Van Leeuwen also argues his lawyer was ineffective when he stipulated that (1) none of the shell casings found at the scene of the incident matched a gun police found in Van Leeuwen's residence, and (2) all of the casings were fired by the same gun. We deny relief because this was a matter of trial strategy. Counsel stipulated to the admission of exculpatory evidence that excluded Van Leeuwen's weapon as the weapon that fired the only shell casings police found at the scene of the incident. "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14, 770 P.2d 313, 318 (1989) (citations omitted).

¶5          Finally, Van Leeuwen argues the trial court erred when it failed to instruct the jury regarding dangerousness.  We deny relief because Van Leeuwen could have raised this issue on direct appeal.  Any claim a defendant raised or could have raised on direct appeal is precluded.  Ariz. R. Crim. P. 32.2(a).  None of the exceptions under Rule 32.2(b) apply.  Further, Van Leeuwen was not charged with, convicted of, or sentenced for any dangerous offenses.  Therefore, there was no reason to instruct the jury regarding dangerousness.

¶6          We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh